UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

UNITED STATES OF AMERICA,

v.

HUGH EPPS,

                    Petitioner.

Criminal Action No. 3:07-CR-420–JRS
Civil Action No. 3:11-CV-315-JRS

**MEMORANDUM OPINION**
**(Dismissing Successive 28 U.S.C. § 2255 Motion)**

THIS MATTER is before the Court on Petitioner's Motion to Correct an Illegal Judgment by Writ of Coram Nobis ("Motion") filed on September 19, 2013. (ECF No. 122). By Order entered on July 14, 2011, the Court denied a 28 U.S.C. § 2255 motion filed by Petitioner. (ECF No. 107). Accordingly, Petitioner's Motion is a successive, unauthorized 28 U.S.C. § 2255 motion.

The Antiterrorism and Effective Death Penalty Act of 1996 restricted the jurisdiction of the district courts to hear second or successive applications for federal habeas corpus relief by prisoners attacking the validity of their convictions and sentences by establishing a "gatekeeping mechanism." *Felker v. Turpin*, 518 U.S. 651, 657 (1996) (internal quotation marks omitted). Specifically, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

The United States Court of Appeals for the Fourth Circuit has held that inmates may not avoid the bar on successive collateral attacks on their convictions and sentences by inventive labeling. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). "Call it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audit querela . . ., the name makes no difference. It is substance that controls." *Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) (citing *Thurman v. Gramley*, 97 F.3d 185, 186–87 (7th Cir. 1996)). Thus, "[a]ny motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255[(a)], is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Id.* (citing *Ramunno v. United States*, 264 F.3d 723 (7th Cir. 2001)).

Although well written, Petitioner's Motion continues to challenge his underlying sentence and thus falls within the ambit of 28 U.S.C. § 2255(a).[1] Therefore, Petitioner's Motion, (ECF No. 122), will be treated as a successive § 2255 motion. Because the Court has not received authorization from the Fourth Circuit to file the motion, the action will be dismissed for want of jurisdiction.

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*,

---

[1] For example, Petitioner suggests this Court abused its discretion when it sentenced him to a mandatory sentence of 240 months imprisonment. (Pet'r's Mot. 5.)

463 U.S. 880, 893 & n.4 (1983)). Because Petitioner fails to satisfy this standard, a certificate of appealability will be denied.

An appropriate Final Order will accompany this Memorandum Opinion.

> _____/s/_____
> James R. Spencer
> United States District Judge

ENTERED this ___7th___ day of November 2013.